UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA MICHAEL YOUNG, ) | |
| ) | Case Nos. 1:19-cv-343, 1:11-cr-66 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Joshua Michael Young's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1, in Case No. 1:19-cv-343; Doc. 26, in Case No. 1:11-cr-66). Respondent, United States of America, opposes Petitioner's motion. (Doc. 4, in Case No. 1:19-cv-343.) For the following reasons, the Court will **DENY** Petitioner's § 2255 motion.

I.     BACKGROUND

On November 8, 2011, Petitioner pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1); robbery by means of actual and threatened force, in violation of the Hobbs Act, 18 U.S.C. § 1951; and using, carrying, and/or brandishing a firearm in furtherance of a crime of violence—the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docs. 14, 16, in Case No. 1:11-cr-66.) On February 16, 2012, United States District Judge Curtis L. Collier sentenced Petitioner to a total of 136 months' imprisonment and five years of supervised release. (Docs. 21, 22, in Case No. 1:11-cr-66.) Petitioner did not appeal. (Doc. 26, at 2, in Case No. 1:11-cr-66.)

On September 13, 2018, Petitioner mistakenly filed, with the United States Court of Appeals for the Sixth Circuit, a motion for leave to file a second or successive motion under § 2255. (*See* Doc. 24, in Case No. 1:11-cr-66.) On January 14, 2019, the Sixth Circuit denied Petitioner's motion as unnecessary, stating, "Young may file his § 2255 motion in the district court without our authorization." (Doc. 25, at 3, in Case No. 1:11-cr-66.) On December 3, 2019, Petitioner filed the instant § 2255 motion, asserting that his conviction under § 924(c) is unconstitutional in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*See* Doc. 1, at 4, in Case No. 1:19-cv-343.) This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

As a threshold matter, Petitioner's motion is timely under § 2255(f)(3). Petitioner's motion purports to rely exclusively on *Dimaya*, which the United States Supreme Court decided on April 17, 2018. If Petitioner actually relief solely upon *Dimaya*, his motion would be untimely because he filed the instant petition on December 3, 2019 (*see* Doc. 1, in Case No. 1:19-CV-343), several months after the one-year limitation period had lapsed. (Doc. 1.)

3

However, as the Government notes (Doc. 4, at 2, in Case No. 1:19-cv-343), Petitioner's argument more appropriately relies upon *United States v. Davis*, 139 S. Ct. 2319 (2019), which the Supreme Court decided on June 24, 2019. The Court construes Petitioner's motion liberally, in light of his *pro se* status, and deems Petitioner's motion timely, as less than one year passed between the Supreme Court's decision in *Davis* and the filing of this petition. *See* 28 U.S.C. § 2255(f)(3).

In *Davis*, the Supreme Court invalidated 18 U.S.C. § 924(c)(3)(B), known as the "residual clause" of this subsection, as unconstitutionally vague. 139 S. Ct. at 2324, 2336. But, as explained below, since Petitioner was convicted under § 924(c)(3)(A), *Davis* has no effect on his conviction.

Section 924(c) makes it a crime to use, carry, brandish, or discharge a firearm "during and in relation to any crime of violence or drug trafficking crime . . . ." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a federal felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Davis* invalidated the "residual clause" in § 924(c)(3)(B) without affecting the "elements clause" in § 924(c)(3)(A). 139 S. Ct. at 2324, 2336.

Petitioner pleaded guilty to Hobbs Act robbery, and that robbery was the predicate offense for his § 924(c) conviction. It is well settled that Hobbs Act robbery categorically qualifies as a crime of violence under the elements clause of § 924(c)(3). *See United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (explaining that Hobbs Act robbery "'requires a finding of actual or threatened force, or violence, or fear of injury, immediate or future,' to person or

property" and, therefore, "'has as an element the use, attempted use, or threatened use of physical force against the person or property of another as necessary to constitute a crime of violence under § 924(c)(3)(A)'") (quoting *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017)).  Because *Davis* invalidated only the residual clause of § 924(c)(3), and Petitioner's conviction qualifies as a crime of violence under the elements clause, Petitioner is not entitled to relief.

IV.     CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary.  *See Martin*, 889 F.3d at 832.  For the foregoing reasons, Petitioner's § 2255 motion (Doc. 1, in Case No. 1:19-cv-343; Doc. 26, in Case No. 1:11-cr-66) is **DENIED,** and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

5